UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NORBIVI NASIMOVA, on behalf of herself and all others similarly situated,

                  Plaintiff,

-against-

ATTENTIVE HOME CARE AGENCY INC. d/b/a ALWAYS HOME CARE, ALWAYS HOME CARE AGENCY INC., YELENA PUSTILNIK and JOHN DOES #1-10,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 16 Civ. 01005 (SJ)(PK)

**[PROPOSED] PROTECTIVE ORDER**

      The Parties to the above-captioned action (the "Action'") have stipulated to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this Action, it is therefore hereby ORDERED that any person subject to this Order—including without limitation the Parties to the Action and all other interested persons with actual or constructive knowledge of this Order—shall adhere to the following terms:

**1.**    **Scope of Protective Order**

      This Protective Order shall govern all Disclosure or Discovery Materials (as below defined in paragraph 2.5) produced or disclosed in this Action. The Producing Party (or their respective Counsel, retained experts, directors, officers, employees, or agents) shall have the right to designate as confidential and subject to this Protective Order any "CONFIDENTIAL" Material (as below defined in paragraph 2.2). This Protective Order shall qualify as a Health Insurance and Portability Accountability Act ("HIPAA") Qualified Protective Order (as defined in 45 C.F.R. § 164.512(e)(1)). Nothing in this Protective Order is intended to diminish the protections afforded by HIPAA.

1

9124189

The protections conferred by this Protective Order cover not only Protected Material (as defined in paragraph 2.11), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**2. Definitions**

2.1. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. "CONFIDENTIAL" Information or Items: any Disclosure or Discovery Material (regardless of how it is generated, stored, or maintained) including interrogatory responses, other discovery responses, deposition transcripts and exhibits or other written information produced in response to discovery requested in this Action, or tangible things that in good faith a Party or Non-Party reasonably believes to contain non-public business, commercial, financial, or personal information, the disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests. Confidential Information includes Protected Health Information (as defined in 45 C.F.R. § 160.103, including all individually identifiable health information identified in 45 C.F.R. § 164.514(b)(2)) whether personal or business-related.

2.3. Counsel: attorneys and their support staff, including outside investigators, all of whom are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

  2.5 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, materials, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

  2.6 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

  2.7 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

  2.8 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

  2.9 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

  2.10 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data or other things in any form or medium) and their employees and subcontractors.

  2.11 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  2.12 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **Duration**

  Even after final disposition of the Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4.     Designating Protected Materials**

4.1     <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" to each page that contains protected material.

(b) For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall either identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, information, or exhibits that are to be so designated; or send written notice to the Receiving Party and the court reporter within fourteen (14) calendar days of service of the deposition or other transcript (or of notification by the court reporter that the transcript is available) designating those portions of the transcript to be so designated. Deposition testimony shall be treated as "CONFIDENTIAL" material during this 14-day period.

 (c)  Parties shall give the other parties notice if they reasonably expect any portion of a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present for the portions of those proceedings that include Protected Material.  A file of each original signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) shall be maintained by counsel for the party obtaining it.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL."

(d) For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4.2   Inadvertent Failures to Designate: An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material, provided that the Designating Party promptly serves a written notice upon the Receiving Party upon learning of the inadvertent failure to designate or incorrect designation, along with a replacement copy of such Disclosure or Discovery Material marked with the appropriate designation. Upon receipt of such replacement copy, the Receiving Party shall then take reasonable steps to destroy or return all unmarked or mismarked copies of such Disclosure or Discovery Material within fourteen (14) calendar days and certify in writing to the Designating Party that it has done so.

5.   **Challenging Confidentiality Designations**

5.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any Party or Non-Party may move the Court for a modification of a designation or other relief from the terms of this Protective Order at any time. Until and unless the Court has provided a Designating Party's party modification of a designation or other relief from the terms of this Protective Order, all parties shall continue to afford the material in question the protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery requests. The entry of this Protective Order shall not be construed as a basis for permitting the discovery of Disclosure or Discovery Material that would not otherwise be discoverable but for the existence of this Protective Order.

**6.     Access to and Use of Protected Material**

6.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or a Non-Party only in connection with prosecuting, defending, or attempting to settle this Action. Except as provided by the express terms of this Protective Order or where a Court orders otherwise, a Receiving Party may not use Protected Material that is disclosed or produced by another Party or a Non-Party in any other action or for any other purpose. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 12 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

6.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Counsel, including any personnel assisting counsel, provided that such counsel and personnel are working on this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action, or any individual Receiving Party;

(c) Experts (as defined in this Protective Order) of the Receiving Party, and any personnel assisting the expert in connection with this action, to whom disclosure is reasonably

necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel, as well as any mediator or arbitrator that the Parties have agreed in writing to use or have been ordered to use in connection with this Action, and any personnel assisting any such mediator or arbitrator;

(e) court reporters and their staff;

(f) Professional Vendors and professional jury or trial consultants, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any witness or potential witnesses who are not employed by or affiliated with the parties and who are called to testify at deposition or whom counsel for a Party in good faith believes may be called to testify at trial or deposition, provided such person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information, or an individual who has been designated to testify about the document or information (including as a 30(b)(6) representative); and

(i) Personnel of or counsel to any insurance company insuring a party to this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7. **Protected Material Subpoenaed or Ordered Produced in Other litigation, Investigation, or Proceeding**

Nothing in this Protective Order shall prohibit any Party from using or disclosing Disclosure or Discovery Material in response to a subpoena, court order, or other compulsory process requiring production of Disclosure or Discovery Material or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative

7

case. If a Party is served with a subpoena or a court order issued in another litigation, investigation, or proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must, except where a court orders otherwise:

(a) notify in writing the Designating Party fourteen (14) days prior to producing such "CONFIDENTIAL" information. Such notice shall include a copy of the subpoena or court order issued in another litigation, investigation, or proceeding; or

(b) give telephonic notice and written notice by email to counsel for the Designating Party fourteen (14) days prior to producing such "CONFIDENTIAL" information. Such notice shall include a copy of the subpoena or court order issued in another litigation, investigation, or proceeding.

The Party served with a subpoena or a court order issued in another litigation, investigation, or proceeding must also promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order.

In no event shall production or other disclosure of the "CONFIDENTIAL" information pursuant to the subpoena or court order issued in another litigation, investigation, or proceeding be made before fourteen (14) days following the date on which notice is given to the Designating Party. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Despite the above, in no event shall any Party be required to submit to contempt or violate a court order provided it has acted in good faith to promptly advise the Designating Party

8

9124189

of the subpoena or order requiring disclosure of documents designated as "CONFIDENTIAL" (unless specifically prohibited by court order).

**8.     A Non-Party's Protected Material Sought To Be Produced in This Action**

The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**9.     Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately use its best efforts to retrieve all unauthorized copies of the Protected Material and to bind the person to whom the material was improperly disclosed to the terms of this Protective Order. In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of the Protective Order; (b) identify such person immediately to the Designating Party; and (c) provide such person a copy of this Protective Order. Upon receipt of a copy of this Protective Order, any such person shall be subject to its provisions.

**10.    Inadvertent Production of Privileged or Otherwise Protected Material**

No provision of this Protective Order shall be deemed to create a waiver on the part of any Party or Non-Party as to inadvertently produced Disclosure or Discovery Material that is protected from discovery on the basis of privilege, the work-product doctrine, or any other applicable privilege, and the inadvertent production of such documents does not waive any privilege or immunity, so long as, as soon as reasonably possible after learning of the inadvertent disclosure, the Designating Party serves a request identifying the Disclosure or Discovery Material and privilege involved, and requesting the return of all copies of the inadvertently produced Disclosure or Discovery Material. Upon receipt of such notice, the Receiving Party

shall immediately take reasonable efforts to return or destroy all copies of the inadvertently produced Disclosure or Discovery Material identified, in addition to all notes, memoranda, or other documents that summarize, discuss, or quote the inadvertently disclosed Disclosure or Discovery Material, and certify in writing that it has done so.  Further, no provision of this Protective Order shall be deemed to create a waiver of any legal right or privilege applicable to any request of, or discovery procedure available to, the parties to this Action.

**11. Miscellaneous**

11.1    Filing Protected Material.  No materials designated as "CONFIDENTIAL," nor any pleading, memorandum of law, motion, letter, or other document disclosing such materials, shall be filed with the Court except as provided herein:  Disclosure or Discovery Materials that consist of materials designated as "CONFIDENTIAL" shall be filed through the Electronic Case Filing system ("ECF") with access restricted, as appropriate, to either case participants only or to only the Court and the filing Party, as set forth in the cm/ECF User's Guide for the United States District Court for the Eastern District of New York.  When a Party files a pleading, memorandum of law, motion, letter, or other document disclosing materials designated as "CONFIDENTIAL" on ECF, that document shall be filed with access restricted, as appropriate, to either case participants only or to only the Court and the filing Party.  A document filed with restricted access shall be publicly filed on ECF within three (3) days with redactions to omit any confidential information.

11.2    Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.3    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

9124189

**12.     Final Disposition**

Within sixty (60) days after the final disposition, as defined in paragraph 3, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (Duration).

**13.     Violations and Modifications of this Protective Order**

If a Party has cause to believe that a violation of this Protective Order has occurred or is about to occur, that Party may petition this Court for appropriate relief.  To the extent that any Party feels the protections of this Protective Order are not adequate for particular Disclosure or Discovery Material, that Party may petition the Court for an appropriate amendment to this Protective Order.

Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

9124189

| | |
|---|---|
| ATTENTIVE HOME CARE AGENCY INC. d/b/a ALWAYS HOME CARE, ALWAYS HOME CARE AGENCY INC., YELENA PUSTILNIK | NORBIVI NASIMOVA, on behalf of herself and all others similarly situated |
| By: */s/ Daniel S. Ruzumna*<br>**Patterson Belknap Webb & Tyler LLP**<br>Daniel S. Ruzumna<br>1133 Avenue of the Americas<br>New York, New York 10036<br>212-336-2000 | By: */s/ William Coudert Rand*<br>**William Coudert Rand, Esq.**<br>488 Madison Avenue, Suite 1100<br>New York, New York 10022<br>(212) 286-1425 |

**SO ORDERED**.

DATED: _____

                                          Magistrate Judge Peggy Kuo
                                          United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I certify that I have read the attached Protective Order from *Nasimova v. Attentive Home Care Agency, Inc., et al.*, No. 16 Civ. 01005 (SJ) (PK) (EDNY) dated _____, 2016 (the "Order"), and I agree that I will not reveal Confidential Information to, or discuss such information with, any person who is not entitled to receive Confidential Information in accordance with the Order, and at the conclusion of this litigation I will return all discovery information to the party or attorney from whom I received it, or certify I have destroyed such information.  I will use Confidential Information only for the purposes of facilitating the prosecution or defense of the above-referenced action and not for any other purpose.  I will keep all Confidential Information confidential in accordance with the Order.

Dated: _____

_____
Signature

_____
Print Name

_____
Company

_____
Address

9124189